**ALD-181**                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1439
_____

UNITED STATES OF AMERICA

v.

JEFFREY OLSON,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-17-cr-00240-001)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
May 13, 2021

Before: McKEE, GREENAWAY, JR. and BIBAS, Circuit Judges

(Opinion filed: June 11, 2021)
_____

OPINION*
_____

PER CURIAM

    Pro se appellant Jeffrey Olson appeals from the District Court's order denying his

motion for compassionate release.  The Government has filed a motion for summary

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not

affirmance. For the reasons discussed below, we grant the Government's motion and will summarily affirm the District Court's judgment. See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.

In 2018, Olson pleaded guilty to wire fraud, bank fraud, and attempted bank fraud. He was sentenced to a term of imprisonment of 120 months. See ECF No. 92. In August 2020, Olson filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1). See ECF No. 102. The motion was dismissed "for failure to comply with the exhaustion requirement under § 3582(c)(1)(A)(i) since [Olson] filed his motion without first submitting a request to the Warden of FCI Schuylkill." ECF No. 116 at 1.

In November 2020, Olson filed a renewed motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). See ECF No. 118. He argued that the District Court should release him because his health conditions, including hypertension, neurologic diseases, atrial fibrillation, cardiomyopathy, coronary artery disease, a kidney issue, obesity, and growths on his adrenal gland and thyroid place him at an increased danger from the COVID-19 pandemic. He also claimed that he has been rehabilitated in prison and that his release would allow him to help care for his children and grandchildren. The District Court denied the motion, concluding that "[e]ven though Olson has plausibly met his burden by demonstrating extraordinary and compelling reasons for his release," the 18 U.S.C. § 3553(a) factors counseled against release. See ECF No. 130 at 4. Olson filed a notice of appeal, and the Government has moved for summary affirmance.

---

constitute binding precedent.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4.

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." § 3582(c)(1)(A). Those factors include, among other things, "the nature and circumstances of the offense and the history and characteristics of the defendant," § 3553(a)(1), and the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant," § 3553(a)(2)(A)–(C).

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against granting compassionate release here.[1] The District Court explicitly considered Olson's arguments regarding his good conduct and

[1] Based on this conclusion, we need not address whether "extraordinary and compelling reasons warrant" a reduction in Olson's sentence, 18 U.S.C. § 3582(c)(1)(A)(i), or whether the fact that Olson has apparently contracted — and recovered from — COVID-19 affects that analysis.

3

rehabilitation.  See ECF No. 130 at 4.  The District Court did not err in finding that the substantial time remaining to be served on Olson's sentence, cf. Pawlowski, 967 F.3d at 331, the seriousness of his offense of conviction, and his extensive criminal history militated against release.  See ECF No. 130 at 4–5.  We therefore do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  Pawlowski, 967 F.3d at 330 (alteration omitted) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).[2]

Accordingly, we grant the Government's motion and will summarily affirm the District Court's order.

---

[2] To the extent that Olson has raised arguments on appeal regarding his conviction and sentence, we conclude that those claims must be raised in Olson's pending § 2255 proceedings.  See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (stating that "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences").